TRAXLER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion, with the exception of its holding that the government failed to prove proper venue for Sterling’s conviction on Count V. I would affirm the judgment in its entirety.
Count V relates to Sterling’s unlawful delivery or transmission of the Merlin letter to Risen, in violation of 18 U.S.C. § 793(e), which in pertinent part provides as follows: .
Whoever having unauthorized possession of, access to, or control over any document ... or information relating to *249 the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted ... the same to any person not entitled to receive it ... [s]hall be fined ... or imprisoned not more than ten years, or both.
Id. (emphasis added). Unlike in the case of the counts brought under 18 U.S.C. § 793(d), which involve Sterling’s unlawful disclosure of general classified information about the Iran nuclear program that he was “lawfully” in possession of as a former CIA agent, id., a violation of § 793(e) consists of at least two essential elements: the defendant must (1) “hav[e] unauthorized possession of, access to, or control over” the classified information or document at issue; and (2) have “willfully communicate[d], deliver[ed], or transmitted]” the information or document “to any person not entitled to receive it.” Id. (emphasis added). And if this offense continued across state or district lines, 18 U.S.C. § 3237(a) makes venue proper “in any district in which such offense was begun, continued, or completed.”
As the majority notes in connection with Count III, there was ample evidence from which the jury could reasonably infer that Sterling took “unauthorized possession of’ the Merlin letter when he left his employment with the CIA in the Eastern District of Virginia and illegally retained it in his home in the Eastern District of Virginia, before giving it to Risen by spring 2003. That inference also supports the jury’s conclusion that Sterling, at a minimum, began the process of communicating, delivering, or transmitting the stolen copy of the Merlin letter to Risen from the Eastern District of Virginia.